# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CECILE M. COLE,**
**Inmate No. 70302019,**

    **Plaintiff,**

vs.                          Case No.: 4:20-CV-00557-AW-MAF

**DHO OFFICER ORR,**
**and F.B.O.P.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review. Plaintiff, a prisoner proceeding *in forma pauperis*, filed a *pro se* civil rights complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), ECF No. 1. The Court reviewed the complaint as required under 28 U.S.C. § 1915A and found it legally insufficient. ECF No. 10. The Court entered an order directing Plaintiff to file an amended civil rights complaint by **February 28, 2021**. Plaintiff has failed to do so. For the reasons stated below, Plaintiff's complaint should be dismissed.

**I.   Plaintiff's Complaint, ECF No. 1**

Plaintiff sued Officer Orr, in her individual and official capacity, and "FBOP" (FCI Tallahassee) in its official capacity. ECF No. 1, pp. 2-3.

Plaintiff's claims and allegations are largely vague. As best can be determined, Plaintiff filed a PREA complaint and excessive force complaint against FCI Tallahassee officers who are not parties to this suit. Id., p. 6. Afterward, Plaintiff alleges she was repeatedly denied due process and access to the administrative process and has not been able to receive her DHO reports. Id., p. 5. She does not explain how or when that occurred. Plaintiff alleges she has "followed process and policy" for more than two years without relief. Id. Plaintiff believes that Defendants discriminated and retaliated against her and harassed her but provides no facts against any named defendant. Id. Without any factual details, Plaintiff claims that Defendant Orr was negligent in her duties and did not follow the "FBOP Code of Employee Conduct." Id. Plaintiff believes that this is designed to cover up the "corrupt" and criminal behavior at FBOP. Id., p. 6. Plaintiff provides no facts to support her claims of corruption or criminal behavior.

Plaintiff claims her rights to an administrative remedy process, to a fair hearing, and right to appeal have been violated. Id., p. 7. According to Plaintiff, there has been a negative impact on her rehabilitation, reentry programming, her relationship with her children and the community because of "unjust sanctions." Id., pp. 5-6. As a result, Plaintiff claims that it has impacted her mental health, so much so, she attempted suicide on multiple

occasions. Id., p. 6. As relief, Plaintiff seeks an injunction, public remand, copies of her DHO reports, monetary damages, and psychological therapy expenses covered for the remainder of her lifetime. Id., p. 7.

## II. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Here, the Complaint is largely a rambling narrative and does not contain numbered paragraphs as directed by Rule 10(b). "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing

PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiff brings forward claims against certain defendants but provides no set of facts for any acts or omissions attributable to them. Alternatively, many of Plaintiff's retaliation allegations are attributable to no particular individual(s) on no specific date(s) at no named institution(s). Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

On January 29, 2021, the Court ordered Plaintiff to amend her complaint to cure these deficiencies by February 28, 2021. ECF No. 10. Plaintiff failed to do so. Accordingly, the complaint should be dismissed as an impermissible shotgun pleading.

### III. Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b)

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting

Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to respond to the Court's order directing her to file an amended complaint. The Court advised Plaintiff that failure to follow Court orders could result in a recommendation of dismissal. ECF No. 6.

## IV.  Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED because it is an impermissible shotgun pleading and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an

abuse of discretion."). It is further recommended that the case be CLOSED. Finally, it is recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida on March 5, 2021.

> <u>s/ Martin A. Fitzpatrick</u>
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).